UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MORGAN,<br>Plaintiff,<br>v.<br>OWN A CAR OF FRESNO, et al.,<br>Defendants. | No. 1:26-cv-03956-JLT-EPG<br><br>SCREENING ORDER DIRECTING PLAINTIFF TO:<br><br>(1) NOTIFY THE COURT THAT HE WANTS TO PROCEED ONLY ON THE FOLLOWING CLAIMS AGAINST DEFENDANT OWN A CAR OF FRESNO: VIOLATION OF THE TRUTH IN LENDING ACT; VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES; FRAUD IN VIOLATION OF CAL. CIVIL CODE § 1709; AND DECLARATORY RELIEF;<br><br>(2) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WANTS TO STAND ON HIS COMPLAINT<br><br>(ECF NO. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Carl Morgan ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. (ECF Nos. 2, 3). Plaintiff filed the complaint commencing this action on May 22, 2026. (ECF No. 1).

The Court has screened Plaintiff's complaint and finds that Plaintiff's complaint has failed to state any cognizable claims against Defendant American Heritage Credit Union. Additionally, the complaint fails to state the following claims against Defendant Own a Car of Fresno: (1) violation of the Rosenthal Act; and (2) violation of Cal. Penal Code § 470: Forgery. The Court

finds that the following claims may proceed past screening against Defendant Own A Car of Fresno: (1) Truth in Lending Act; (2) California Consumer Legal Remedies Act; (3) Fraud in violation of Cal. Civ. Code § 1709; and (4) Declaratory relief.[1]

Plaintiff now has options on how to proceed: Plaintiff may file a statement with the Court saying that he wants to go forward only on the cognizable claims identified above, in which case the Court will authorize service of the complaint on Defendant Own A Car of Fresno on Plaintiff's claims for (1) Truth in Lending Act; (2) California Consumer Legal Remedies Act; (3) Fraud in violation of Cal. Civ. Code § 1709; and (4) Declaratory relief. Alternatively, Plaintiff may file an amended complaint if he believes that additional factual allegations would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Finally, Plaintiff may file a statement with the Court that he wishes to stand on this complaint, and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed the complaint commencing this action on May 22, 2026 (ECF No. 1). Plaintiff names two defendants: Own a Car of Fresno and American Heritage Credit Union. (*Id.*).

Plaintiff alleges the following. On or about March 27, 2026, Plaintiff purchased a vehicle from Defendant Own a Car of Fresno and paid $800 towards a down payment of $1500. (ECF No. 1 at 3). Plaintiff signed a retail installment contract, with Defendant American Heritage Credit Union provided as the assignee.

Plaintiff's first claim seeks a declaratory judgment that the contract—and the arbitration addendum within—is void because Plaintiff's signature on the contract and accompanying

[1] Nothing in this precludes Defendant Own a Car of Fresno from filing a motion to dismiss these claims.

documents appear identical. Plaintiff states he did not authorize the copying of his signature and never provided consent to utilize an e-signature. Further, Plaintiff states the arbitration addendum page does not contain a signature line. Finally, Plaintiff states the finance charge, APR, and total payments are marked as estimates. (*Id.* at 3-4 and 9-10).

In claim two, Plaintiff states that Defendant Own a Car of Fresno violated the Truth in Lending Act by marking the finance charge, amount, financed, total payments, and total sale price as estimates. Additionally, Defendants left blank spaces for required disclosures and failed to provide an accurate payment schedule. (*Id.* at 10).

Claim three states that Defendant Own A Car of Fresno violated the Consumers Legal Remedies Act because, as Plaintiff states, Defendant represented "that the contract confers rights and obligations which it does not have." As a result of the alleged violation, Plaintiff states he is entitled to actual damages, restitution, and punitive damages. (*Id.* at 11).

Plaintiff states in claim four that Defendant Own A Car of Fresno violated the Rosenthal Act when it issued a $700 final notice request for the remaining down payment and threatened to send the balance to collections. (*Id.* at 9,14). This notice was sent Plaintiff's demand later requesting that Defendant pay off remaining loan balance to American Heritage Credit Union and refund Plaintiff's $800.

Plaintiff's final two claims are for fraud and forgery. Plaintiff states Defendant Own a Car of Fresno made "false representations that constitute fraud under California law." (*Id.* at 11). Additionally, Defendant Own a Car of Fresno committed forgery when it copied and pasted Plaintiff's signature. (*Id.* at 12).

Plaintiff requests for relief are as follows: that a declaratory judgment be entered deeming the Arbitration Addendum unenforceable; an order requiring Defendant Own A Car of Fresno to pay off the outstanding loan balance directly to American Heritage Credit Union; a refund of Plaintiff's $800; statutory damages of $1000; punitive damages based on "Defendants' pattern of fraud and misconduct;" and all available actual damages. (*Id.*at 12).

\\\

\\\

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. Defendant American Heritage Credit Union

In his complaint, Plaintiff names American Heritage Credit Union as a defendant and identifies the company as an assignee on the vehicle installment contract. (ECF No.1 at 3). However, Plaintiff does not state any factual allegations against American Heritage Credit Union within his complaint.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint fails to allege any facts about American Heritage Credit Union or explain how it is liable for any of the claims asserted against it. Plaintiff's claims against Defendant American Heritage Credit Union are thus subject to dismissal.

### b. Defendant Own a Car Fresno

The Court has also evaluated Plaintiff's claims against Defendant Own a Car Fresno. While the Court will permit Plaintiff to proceed past screening on several of those claims, without prejudice to Defendant Own a Car Fresno later challenging those claims, it finds that Plaintiff's complaint fails to state the following claims:

#### i. Rosenthal Act

To maintain a Rosenthal Act claim, a plaintiff must establish that: (1) he is a consumer; (2) who was the object of a collection activity arising from a debt; (3) the defendant is a debt collector; and (4) the defendant violated a provision of the FDCPA. *Flores v. Collection*

*Consultants of Calif.*, 2015 WL 4254032, at *4 (C.D. Cal. March 20, 2015). The primary difference between the FDCPA and the Rosenthal Act is that FDCPA's definition of "debt collector" is limited to those entities that are in the business of collecting debt due to another. *Moya v. Chase Cardmember Service*, 661 F. Supp. 2d 1129, 1131 (N.D. Cal. 2009). The Rosenthal Act defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). Creditors can be but are not automatically considered "debt collectors" under the Rosenthal Act. *See Devine v. The Judge Law Firm*, 2018 WL 11414656 at * 4 (S.D. Cal. 2018).

Here, Plaintiff does not allege facts demonstrating that Own a Car Fresno is a debt collector subject to the Rosenthal Act. Plaintiff does not allege that Own A Car Fresno engages in debt collection. While Plaintiff alleges that Defendants sent Plaintiff a final notice, demanding payment of $700 and threatening collection, this does not demonstrate that Defendant would personally collect the debt, thus acting as a debt collector under the requirements set forth by the Rosenthal Act. Cal. Civ. Code § 1788.2(c).

As such, Plaintiff has failed to state a cognizable claim under the Rosenthal Act against Defendant Own A Car Fresno.

**ii. Forgery**

Plaintiff's complaint also fails to state a cognizable claim for forgery against Defendant Own A Car Fresno.

California Penal Code section 470 describes the crimes of forgery and counterfeiting. To be guilty of forgery, a person, must have the intent to defraud, "knowing that he or she has no authority to do so," and signs the name of another person to any set of items listed in subdivision (d) of section 470. Cal. Penal Code §470(a).

However, Cal. Penal Code § 470 is a criminal statute that does not confer a private right of action. *See Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) ("Our entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."); *Archambualt v. ADESA Golden Gate,* 2008 WL 5099648 (E.D.Cal.2008) at *3 ("[P]laintiff's claim under

California Penal Code section 236 (false imprisonment) must be dismissed due to the absence of a private right of action under the statute")); *Glassey v. Amano Corp.*, 2006 WL 889519, at *3 (N.D. Cal. Mar. 31, 2006) ("Private parties generally lack standing to enforce federal criminal statutes."), *aff'd*, 285 Fed. Appx. 426 (9th Cir. 2008).

Because Plaintiff's claim for forgery is based on a criminal statute without a private right of action, Plaintiff fails to state a cognizable claim for forgery against Defendant Own A Car Fresno.

### iii. Remaining Claims Against Own a Car Fresno

The Court will permit the remaining claims against Defendant Own a Car Fresno to proceed past screening, without prejudice to Defendant Own a Car Fresno filing a motion to dismiss such claims later in the case.

## IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's Complaint and finds that all claims against Defendant American Heritage Credit Union are subject to dismissal and cannot proceed past screening. Additionally, the Court finds that the following claims against Defendant Own a Car of Fresno are subject to dismissal and may not proceed past screening: violation of the Rosenthal Act and violation of Cal. Penal Code § 470: Forgery.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, Plaintiff is granted leave to file an amended complaint within thirty days. However, any amended complaint must be **no longer than twenty pages**, including exhibits.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," and refer to the appropriate case number.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he wants to proceed only with the following claims against Defendant Own a Car of Fresno: violation of the Truth in Lending Act; violation of the California Consumer Legal Remedies Act against; fraud in violation of the Cal. Civil Code section 1709; and declaratory relief; OR
   b. File a First Amended Complaint; OR
   c. Notify the Court in writing that he wants to stand on his Complaint.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-03956-JLT-EPG.
3. If Plaintiff chooses to file a first amended complaint, that must be **no longer than twenty pages**, including exhibits.

IT IS SO ORDERED.

Dated: **July 16, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE