UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MORGAN,<br>Plaintiff,<br>v.<br>OWN A CAR OF FRESNO, et al,<br>Defendants. | No. 1:26-cv-03956-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 6)<br><br>THIRTY-DAY DEADLINE |

## I. INTRODUCTION

Plaintiff Carl Morgan is proceeding *pro se* and *in forma pauperis*. (ECF Nos. 2, 3). Plaintiff filed the complaint commencing this action on May 22, 2026. (ECF No. 1).

On July 16, 2026, the Court screened the complaint and concluded that Plaintiff's complaint failed to state any cognizable claims against Defendant American Heritage Credit Union. Additionally, the complaint failed to state the following claims against Defendant Own a Car of Fresno: (1) violation of the Rosenthal Act; and (2) violation of Cal. Penal Code § 470: Forgery. The Court found that the following claims could proceed past screening against Defendant Own A Car of Fresno: (1) Truth in Lending Act; (2) California Consumer Legal Remedies Act; (3) Fraud in violation of Cal. Civ. Code § 1709; and (4) Declaratory relief. (ECF No. 6). The Court gave Plaintiff the following options on how to proceed:

> Plaintiff may file a statement with the Court saying that he wants to go forward only on the cognizable claims identified above, in which case the Court will authorize service of the complaint on Defendant Own A Car of Fresno on Plaintiff's claims for (1) Truth in

> Lending Act; (2) California Consumer Legal Remedies Act; (3) Fraud in violation of Cal. Civ. Code § 1709; and (4) Declaratory relief. Alternatively, Plaintiff may file an amended complaint if he believes that additional factual allegations would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Finally, Plaintiff may file a statement with the Court that he wishes to stand on this complaint, and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

(*Id.* at 2)

The thirty-day deadline to comply with the screening order was August 17, 2026, and Plaintiff had not filed a response to the screening order. On September 2, 2026, the Court provided Plaintiff with a *sua sponte* extension of fourteen days to file a response to the screening order. (ECF No. 7). Plaintiff has not filed a response and the time to do so has passed.

Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

## II. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed the complaint commencing this action on May 22, 2026 (ECF No. 1). Plaintiff names two defendants: Own a Car of Fresno and American Heritage Credit Union. (*Id.*).

Plaintiff alleges the following. On or about March 27, 2026, Plaintiff purchased a vehicle from Defendant Own a Car of Fresno and paid $800 towards a down payment of $1500. (ECF No. 1 at 3). Plaintiff signed a retail installment contract, with Defendant American Heritage Credit Union provided as the assignee.

Plaintiff's first claim seeks a declaratory judgment that the contract—and the arbitration addendum within—is void because Plaintiff's signature on the contract and accompanying documents appear identical. Plaintiff states he did not authorize the copying of his signature and never provided consent to utilize an e-signature. Further, Plaintiff states the arbitration addendum

page does not contain a signature line. Finally, Plaintiff states the finance charge, APR, and total payments are marked as estimates. (*Id.* at 3-4 and 9-10).

In claim two, Plaintiff states that Defendant Own a Car of Fresno violated the Truth in Lending Act by marking the finance charge, amount financed, total payments, and total sale price as estimates. Additionally, Defendants left blank spaces for required disclosures and failed to provide an accurate payment schedule. (*Id.* at 10).

Claim three states that Defendant Own A Car of Fresno violated the Consumers Legal Remedies Act because, as Plaintiff states, Defendant represented "that the contract confers rights and obligations which it does not have." As a result of the alleged violation, Plaintiff states he is entitled to actual damages, restitution, and punitive damages. (*Id.* at 11).

Plaintiff states in claim four that Defendant Own A Car of Fresno violated the Rosenthal Act when it issued a $700 final notice request for the remaining down payment and threatened to send the balance to collections. (*Id.* at 9,14). This notice was sent Plaintiff's demand later requesting that Defendant pay off remaining loan balance to American Heritage Credit Union and refund Plaintiff's $800.

Plaintiff's final two claims are for fraud and forgery. Plaintiff states Defendant Own a Car of Fresno made "false representations that constitute fraud under California law." (*Id.* at 11). Additionally, Defendant Own a Car of Fresno committed forgery when it copied and pasted Plaintiff's signature. (*Id.* at 12).

Plaintiff requests for relief are as follows: that a declaratory judgment be entered deeming the Arbitration Addendum unenforceable; an order requiring Defendant Own A Car of Fresno to pay off the outstanding loan balance directly to American Heritage Credit Union; a refund of Plaintiff's $800; statutory damages of $1000; punitive damages based on "Defendants' pattern of fraud and misconduct;" and all available actual damages. (*Id.*at 12).

## IV. COURT'S SCREENING ORDER

On July 16, 2026, the Court screened Plaintiff's complaint. (ECF No. 6).

In the screening order, the Court found that Plaintiff failed to state any cognizable claims against defendant American Heritage Credit Union as a defendant, as he did not state any factual

allegations against American Heritage Credit Union within his complaint, nor did he explain how the defendant was liable for any claims asserted against it. (*Id.* at 4).

Regarding defendant Own a Car of Fresno, the Court found that Plaintiff failed to state the following claims asserted against it: (1) violation of the Rosenthal Act; and (2) violation of Cal. Penal Code § 470: Forgery. (*Id.* at 4). For his claim brought under the Rosental Act, the Court stated Plaintiff failed to allege facts sufficient to establish that Own a Car of Fresno was a debt collector as required under the statue. (*Id.* at 5). Further, with regard to the claim of Forgery, the Court determined that because Plaintiff's claim for forgery is based on a criminal statute without a private right of action, and as a result, Plaintiff could not establish a cognizable claim for forgery against Defendant Own a Car Fresno.

The Court provided Plaintiff with options on how to proceed following the screening order, including (1) Notifying the Court that he Wants to Proceed Only on the Following Claims Against Defendant Own a Car of Fresno: Violation of the Truth in Lending Act; Violation of the California Consumer Legal Remedies; Fraud in Violation of Cal. Civil Code § 1709; and Declaratory Relief; (2) Filing a First Amended Complaint; or (3) Notifying the Court that he Wants to Stand on His Complaint. Plaintiff's response to the screening order was due on August 15, 2026. (ECF No. 6).

Plaintiff did not file a response to the screening order by the deadline.

On September 2, 2026, the Court issued an order granting Plaintiff an additional 14 days to file a response to the screening order. (ECF No. 7). The order warned that "[s]hould Plaintiff[] fail to respond by September 16, 2026, the Court move to dismiss the case for failure to prosecute." (ECF No. 7). Plaintiff has still not responded to the screening order, and the deadline to do so has passed.

## V. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

Based on Plaintiff's failure to respond to the Court's screening order, the Court recommends dismissal of the case without prejudice based on Plaintiff's failure to prosecute case and to comply with the Court's order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's

> interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.*) (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.*) (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.)*

After weighing the factors, the Court finds that dismissal is appropriate.

## VI. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 17, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE